UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON SHANE ANDREWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-CV-81-SNLJ |
| WAYNE COUNTY SHERIFF'S DEPT, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brandon Shane Andrews, a pretrial detainee at the Pemiscot County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $4.50. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice the motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement that details a limited amount of account activity, but nevertheless reflects an average monthly deposit of $15, and an average monthly balance of $22.50. The Court will therefore assess an initial partial filing fee of $4.50, which is twenty percent of plaintiff's average monthly balance. Any assertion that plaintiff is unable to pay that amount should be supported by an updated certified inmate account statement.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task

2

that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Wayne County Sheriff's Department, Sheriff Dean Finch, Jail Administrator Chris Shultz, an Unknown Jail Nurse employed by Wayne County, an Unknown Jail Nurse employed by the Pemiscot Sheriff's Department, Sheriff Mike Barton, the Ripley County Sheriff's Department, the Pemiscot County Sheriff's Department, Jail Administrator Josh Robst, Deputy Joey, and Sergeant Stewart. It appears plaintiff also intends to sue the Ripley County Sheriff's Department, and the Pemiscot County Sheriff's Department.

3

Plaintiff identified the defendants in a list handwritten on notebook paper, with headings for each defendant marked "Name," "Job," "Employer," "Address," and "Capacity." (ECF No. 1 at 3-6). Plaintiff identifies the individual defendants as employed by a municipality, or a sheriff's department. For each defendant, plaintiff left blank the line marked "Capacity."[1] Plaintiff alleges as follows.

While in custody in Wayne County, plaintiff had a boil on his right knee. "Wayne County" transported him to Poplar Bluff Hospital, where he was diagnosed with a staph infection and cellulitis. *Id.* at 8. The area was treated, and plaintiff was prescribed antibiotics and given after-care instructions. Plaintiff writes:

> The next 5 days the jail denied knowledge of me going to the hospital, denied general items to clean my open wound, denied knowledge of antibiotics, found and gave me 1 antibiotic in 5 days, refused gauze, wound cleaner antiseptics. Following week The Jail Nurse refused to touch my knee as it smelled and leaked into my uniform with pus[] and blood. I was transported to hospital w[h]ere Dr. scheduled next day surgery for fear of loss of limb or life due to lack of care my knee went septic and the sta[ph] spread from ankle to hip. I was admit[t]ed for 8 days. The Jail left me at hospital and without clothes. I was taken back into custody and have been denied/ignored when requesting to see a doctor for issues from the surgery.

*Id.* Plaintiff identifies "Friday before Presidents Day 2022" as the relevant date. *Id.* at 9. He does not specify what if anything occurred between the time "The Jail Nurse" refused to touch his knee and the time he was taken to the hospital. Plaintiff states that the events giving rise to his claims occurred at the Wayne County Jail and the Pemiscot County Jail, but does not state with particularity the alleged wrongdoing that occurred at each facility. Plaintiff also fails to

---

[1] The Court therefore presumes that plaintiff sues the individual defendants in their official capacities. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

identify the individual or individuals who allegedly engaged in wrongdoing, and instead generally references "the jail."

Next, Plaintiff lists the names of defendants, and sets forth conclusory assertions. For example, plaintiff alleges that "Unknown Jail Nurse Wayne Co." "Failed to communicate and impose procedures that would have prevented my surgery;" Deputy Joey "Failed to inform Wayne County Jail of medical needs;" and Josh Robst "Failed to hire or train a Nurse or Staff or COs on medical request protocols." *Id.* at 11-12. Plaintiff alleges that Barton is "Responsible for the inmates Ripley County houses in Wayne Co Jail." *Id.* at 11. Plaintiff also lists the names of facilities and states they failed to implement policies, and he alleges that one defendant was in an impaired condition when she transported him to the hospital. He seeks monetary relief.

**Discussion**

The complaint is subject to dismissal. Plaintiff has named Sheriff's Departments as defendants in this matter, but such entities cannot be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, as noted above, the Court must construe the complaint as asserting only official-capacity claims. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff identifies the individual defendants as sheriff's department employees, or municipal employees. However, sheriff's departments are not entities that can be sued under § 1983, *Ketchum*, 974 F.2d at 82, and the complaint contains no allegations that sufficiently state a plausible municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had named the individual defendants in their individual capacities, the complaint would fail to state a plausible § 1983 claim. Plaintiff sets forth his claims in an entirely conclusory fashion, instead of alleging facts showing how each named defendant was causally linked to, and directly responsible for, a deprivation of his rights. Also, it is apparent that some of plaintiff's claims are premised upon a *respondeat superior* theory. However, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

The Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and

6

plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was causally linked to, and directly responsible for, depriving him of his rights. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, plaintiff has yet to file a complaint that survives review under 28 U.S.C. § 1915(e)(2)(B). Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $4.50. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this _31st_ day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE