## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON SHANE ANDREWS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00081-SNLJ |
| WAYNE COUNTY SHERIFF'S DEPT, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). For the reasons discussed below, the Court will give plaintiff the opportunity to file a second amended complaint, and will deny without prejudice his motion to appoint counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed without prepayment of fees and costs, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not

allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

**Background**

After conducting an initial review of plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e), the Court instructed plaintiff to file an amended complaint. The Court identified the following defects with plaintiff's original complaint: (1) defendants were sued only in their official capacities, not their individual capacities, which required their dismissal; (2) plaintiff's allegations against defendants were conclusory in nature; and (3) plaintiff alleged supervisor liability against several defendants instead of direct responsibility for the alleged constitutional violations.

The Court instructed plaintiff to file an amended complaint to cure these deficiencies. Specifically, the Court instructed plaintiff to file an amended complaint to (1) sue defendants in their individual capacities; (2) allege facts showing how each defendant was causally linked to, and directly responsible for, a deprivation of rights; and (3) as to each defendant's direct responsibility, the Court instructed plaintiff that a defendant cannot be liable solely for being a supervisor of another defendant who committed constitutional violations.

## The Amended Complaint

As instructed by the Court, plaintiff has filed an amended complaint. Named as defendants in the amended complaint are Dean Finch (Sheriff, Wayne County); Chris Schulz (Jail Administrator, Wayne County); Jessica Unknown (Jailer, Wayne County); Tim Unknown (Jailer, Wayne County); Unknown Jailer No. 1 (Jailer, Wayne County); Unknown Jailor No. 2 (Jailer, Wayne County); Mike Barton (Sheriff, Ripley County); and Unknown Nurse (Nurse, Wayne County). Plaintiff names these defendants in their official capacities only.

Plaintiff alleges that while in custody at the Wayne County Jail, he developed a boil on his leg. He states that initially his requests for medical attention were ignored. After two to three days, he was transported to Poplar Bluff Hospital by Jessica Unknown, a jailer at the Wayne County Jail. At the hospital, doctors diagnosed plaintiff with a staph infection with cellulitis. A doctor treated plaintiff's leg by lancing open the wound and cleaning it. The doctor prescribed antibiotics to plaintiff with instructions for after care, including to keep the wound clean and wrapped.

For the next five days while at the Wayne County Jail, plaintiff states that he requested his prescribed antibiotics and for the medical unit to clean his wound or provide gauze and antiseptic solution so that he could clean the wound and change the bandages. Jailers Tim Unknown, Unknown Jailer 1, and Unknown Jailer 2 were not aware of plaintiff's trip to the hospital and were unable to locate any prescriptions for plaintiff. At this time, Jessica Unknown was out on personal leave for health issues.

In the five days between his initial visit to the hospital and his next visit to the hospital, plaintiff states his leg became severely infected and interfered with his mobility. He states he was denied gauze and wound cleaner and was left using "wads of tissue paper" to dress the wound. He states that staff "would not provide a change of clothes that became soaked in puss and blood.

Requested medical attention and was told multiple times to suck it up and file a grievance as there was nothing they could do for me." Eventually, plaintiff's infection swelled and spread from his knee up to his hip and down to his foot. "My pants were rancid from overnight seepage from my wound."

During these five days, plaintiff attempted to plead to Unknown Jailer 1, Unknown Jailer 2, and Tim Unknown to be taken to the hospital. On the sixth day after plaintiff's initial release from the hospital, an Unknown Nurse at the Wayne County Jail examined plaintiff. The nurse "refused to touch [him] as the smell and seepage from [his] leg was so bad the nurse recommended I go to emergency care." Plaintiff was again transported to the Poplar Bluff Hospital. His treating physician stated he needed surgery within twenty-four hours and was at severe risk of loss of limb or loss of life because of the staph infection. The doctor told plaintiff that his leg was septic and that if he had kept it clean and taken antibiotics, his leg would not have been in this condition.

After surgery, plaintiff spent eight days recovering in the hospital. He was discharged from the hospital with a wound vac to ensure proper recovery. After his discharge, he was not released to the Wayne County Jail but was instead taken into custody by the Ripley County Sheriff's Department. Plaintiff advised the deputy of Ripley County of his wound care needs and the requirement of his wound vac and prescription medications. Plaintiff states that at some point the judge presiding over his Ripley County charges released him into the custody of Butler County to have his Butler County charges resolved first.  While in the custody of the Butler County Jail, the battery of his wound vac died and the staff at the Butler County Jail had lost the charger. His medical device was taken and not returned.

Plaintiff states he now walks with a limp and suffers pain in his leg every day. For relief, he seeks $250,000 in compensatory damages.

4

**Discussion**

In his amended complaint, plaintiff has sued defendants only in their official capacities. As the Court discussed in its prior memorandum and order, naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff identifies the individual defendants as sheriff's department employees or municipal employees. However, sheriff's departments are not entities that can be sued under § 1983, *Ketchum*, 974 F.2d at 82, and the complaint contains no allegations that sufficiently state a plausible municipal liability claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Because plaintiff has alleged no municipal liability, his allegations against defendants brought in their official capacities are subject to dismissal.

Assuming plaintiff would amend his complaint to sue defendants in their individual capacities, plaintiff may be able to state plausible claims for constitutional violations against some of the named defendants. Plaintiff has alleged facts showing how the following defendants were causally linked to, and directly responsible for, an alleged deprivation of his rights:  Jessica Unknown, Tim Unknown, and Unknown Jailer Nos. 1 and 2 at the Wayne County Jail. These are the defendants at the Wayne County Jail who knew of plaintiff's wound and his requests for wound care and antibiotics, but failed to provide care and treatment to plaintiff. If sued in their individual capacities (rather than their official capacities), plaintiff might be able to state a plausible claim against these defendants.

Plaintiff's claims against Sheriffs Dean Finch and Mike Banton and Jail Administrator Chris Shultz are premised upon a *respondeat superior* theory and subject to dismissal. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."

*Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff has not alleged Sheriffs Dean Finch and Mike Banton and Jail Administrator Chris Schultz have any direct responsibility for plaintiff's alleged constitutional violations. His claims against these defendants are subject to dismissal.

The Court will not dismiss this action at this time, however, but will instead give plaintiff the opportunity to file a second amended complaint. Plaintiff is advised that the second amended complaint will replace the original and amended complaints. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. As stated above, plaintiff's claims against defendants in their official capacities are subject to dismissal. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims

6

in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was causally linked to, and directly responsible for, depriving him of his rights. *See Madewell,* 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. A civil litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues,

the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, plaintiff has yet to file a complaint that survives review under 28 U.S.C. § 1915(e)(2)(B). Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. The Court will deny the motion for appointment of counsel without prejudice, and will entertain future motions as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file a second amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice. [ECF No. 9]

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 23rd day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE