UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SHANE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00081-SNLJ |
| | ) | |
| WAYNE COUNTY SHERIFF'S DEPT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's third motion to appoint counsel. Plaintiff is self-represented and is incarcerated at the Eastern Reception Diagnostic and Correctional Center. For the following reasons, the motion will be denied.

On June 14, 2022, plaintiff filed his § 1983 complaint against defendants alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. On initial review, the Court instructed plaintiff to file an amended complaint. *See* ECF No. 5. He was instructed that his claims brought against individual defendants in their official capacities were subject to dismissal. He was also instructed to show a causal connection between the actions of each defendant and plaintiff's alleged harm.

On October 3, 2022, plaintiff filed an amended complaint. On initial review of the amended complaint, again the Court instructed plaintiff to sue defendants in their individual capacities. The Court provided plaintiff with the appropriate forms and asked him to submit a second amended complaint. The Court also denied plaintiff's second motion for appointment of counsel. The Court stated that based on plaintiff's filings it appeared he was capable of representing himself.

Additionally, the record indicated the factual and legal issues in the case were not so complex as to justify the appointment of counsel.

Plaintiff has not submitted his second amended complaint, which is due March 23, 2023. *See* ECF No. 10. Rather, he has filed a third motion to appoint counsel. He states that he does not know how to complete the amended complaint form and that he only has one stamp. He states he cannot cross-reference the cases cited by the Court and he seeks the assistance of counsel.

As the Court has stated in its prior two orders (ECF Nos. 5 and 10), in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors and the Court's prior orders, the Court finds that the appointment of counsel is not warranted. Plaintiff's prior filings demonstrate that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's third motion to appoint counsel is **DENIED** without prejudice. [ECF No. 12]

Dated this 17th day of March, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE